IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCON PHARMACEUTICALS LTD. and )
ALCON RESEARCH, LTD.,                      )
                                                             )
                    Plaintiffs,                          )
                                                             )
          v.                                                )      C.A. No. _____
                                                             )
APOTEX INC. and APOTEX CORP.,       )
                                                             )
                    Defendant.                        )

## COMPLAINT

Plaintiffs Alcon Pharmaceuticals Ltd. and Alcon Research, Ltd. (collectively "Alcon"), by their attorneys, for their Complaint, allege as follows:

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of Apotex's submission of Abbreviated New Drug Application ("ANDA") No. 90080 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of VIGAMOX® ophthalmic solution, a drug product containing moxifloxacin hydrochloride, prior to the expiration of various U.S. patents.

## PARTIES

2.      Plaintiff Alcon Pharmaceuticals Ltd. is a corporation organized and existing under the laws of Switzerland, having its principal place of business at Route des Arsenaux 41, 1701 Fribourg, Switzerland.

3.      Plaintiff Alcon Research, Ltd. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6201 South Freeway, Fort Worth, Texas 76134.

4.      Upon information and belief, Apotex Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Dr., Weston, Ontario M9L 1T9, Canada.  Upon information and belief, Apotex Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market through various operating subsidiaries, including Apotex Corp.

5.      Upon information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida, 33326.  Upon information and belief, Apotex Corp. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the United States market.  Apotex Corp. is a direct or indirect wholly owned subsidiary of Apotex Inc.

6.      Except where otherwise noted, Apotex Inc. and Apotex Corp. are referred to collectively herein as "Apotex."

7.      Upon information and belief, Apotex Inc. is in the business of manufacturing, marketing and selling generic drug products.  As a part of this business, upon information and belief, Apotex Inc., directly or through agents (including but not limited to Apotex Corp.), regularly files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents.  Upon information and belief, as a part of these ANDAs, Apotex Inc., directly or through agents (including but not limited to Apotex Corp.), regularly files certifications of the type described in section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of U.S.

2

patents that cover them.   Upon information and belief, Apotex Inc.'s ordinary business operations include litigating in the courts of the United States, including the U.S. District Court for the District of Delaware, the infringement, validity, and/or enforceability of United States patents that cover or are alleged to cover generic drug products that are the subject of ANDAs filed by Apotex.

8.   Upon information and belief, Apotex Inc. regularly transacts business with companies located and/or headquartered in Delaware.

9.   Upon information and belief, Apotex Inc. manufactures drug products for the purpose of sale within the United States, including Delaware, by Apotex Corp.

10.   Upon information and belief, Apotex Corp. serves as Apotex Inc.'s United States sales agent and distributor and sells and offers for sale Apotex Inc.'s drug products throughout the United States, including in Delaware.   Upon information and belief, Apotex Inc. derives substantial revenue from services or things sold, used, or consumed in the state of Delaware, and on its own behalf and/or through Apotex Corp. engages in a continuous and systematic course of conduct in the state of Delaware.   Apotex Inc. has stated on its website that "Apotex Inc. serves a marketplace of over 115 countries, and is committed to growth on a global basis through affiliates such as Apotex Corp. in the United States of America." http://www.apotex.com/us/en/careers/default.asp.

11.   Upon information and belief, Apotex Inc. and Apotex Corp. are two arms of the same business group, operate in concert with each other, and enter into agreements with each other that are less than arm's length agreements.   Upon information and belief, employees of Apotex Inc., including Apotex Inc. CEO Dr. Bernard Sherman, frequently speak on behalf of Apotex Corp.   Apotex Inc. has also stated on its website that Apotex is "a vertically integrated

company" with a "preference . . . to develop, manufacture and market our own products—from API to finished dosage form to marketing and distribution." http://www.apotex.com/ca/en/bd/canadianbd.asp.

12.    Upon information and belief, the website of Apotex Corp. is http://www.apotexcorp.com.    Upon information and belief, apotexcorp.com is registered to "Apotex" at the Weston, Ontario address of Apotex Inc., and the administrative and technical contact listed by the Internet domain registrar for apotexcorp.com is an employee of Apotex Inc. Upon information and belief, visitors to http://www.apotexcorp.com are redirected to a web page on the web site of Apotex Inc., http://www.apotex.com, that is directed towards and is accessible to residents of the United States, including Delaware, and that makes available a product catalog describing products sold, through Apotex Corp., in the United States, including Delaware.

13.    By letter dated June 7, 2012 (the "Notice Letter"), Apotex notified Alcon that Apotex had submitted ANDA No. 90080 to the FDA.   The purpose of the ANDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, and sale of an ophthalmic drug product containing moxifloxacin hydrochloride (the "Apotex Product") in the United States, including in Delaware, prior to the expiration of, *inter alia*, U.S. Patent Nos. 6,716,830 and 7,671,070.   The Notice Letter was signed by Apotex Inc. and designates an Apotex Corp. employee as the "agent in the United States authorized to accept service of process" with respect to commencement of a patent infringement suit based on the Notice Letter.

14.    Upon information and belief, and consistent with their practice with respect to other generic products, following any FDA approval of ANDA No. 90080, Apotex Inc. and Apotex Corp. will act in concert to distribute and sell the Apotex Product throughout the

United States, including within Delaware.  Upon information and belief, following any FDA approval of ANDA No. 90080, Apotex Inc. and Apotex Corp. know and intend that the Apotex Product will be distributed and sold in the United States, including within Delaware.

16. 15.   Upon information and belief, and consistent with their practice with respect to other generic products, Apotex Inc. and Apotex Corp. acted in concert to prepare and submit ANDA No. 90080.  Upon information and belief, Apotex Inc. and Apotex Corp. actively participated in the preparation of ANDA No. 90080 and both entities submitted it to the FDA. Upon information and belief, Apotex Corp. acted as the agent of Apotex Inc. in submitting ANDA No. 90080 to the FDA.

## JURISDICTION AND VENUE

16.   Jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391, 1400(b), 2201 and 2202.

17.   Apotex Inc. is subject to personal jurisdiction in Delaware because, among other things, upon information and belief, (1) Apotex Inc. is in the business of manufacturing drug products that, through Apotex Corp., it distributes and sells or offers to sell,  throughout the United States, including in Delaware; (2) Apotex Inc. derives substantial revenue from services or things sold, used, or consumed in Delaware; (3) Apotex Inc. transacts business with companies located and/or headquartered in Delaware; (4) as part of its ordinary business practice of engaging in U.S. patent litigation, Apotex Inc. has regularly and routinely litigated ANDA cases in this District, including by asserting counterclaims; (5) Apotex Inc. has, directly or through an agent, filed an ANDA, and/or been actively involved in the preparation and submission of an ANDA, for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Apotex Product in the United

States, including in Delaware; (6) upon receiving FDA approval, Apotex Inc. intends to offer to sell and sell, primarily through Apotex Corp., the Apotex Product throughout the United States, including in Delaware; (7) if Apotex Inc. is permitted to sell the Apotex Product in Delaware prior to the expiration of U.S. Patent Nos. 6,716,830 and 7,671,070, Apotex Inc. will cause substantial injury to Alcon Research Ltd., a Delaware corporation; and (8) Apotex Corp., acting as Apotex Inc.'s agent and/or alter ego, regularly does and solicits business in Delaware and is engaged in a persistent, continuous and systematic course of conduct in Delaware in which it distributes, sells, and offers to sell Apotex Inc.'s drug products in Delaware and derives substantial revenue from services or things sold, used, or consumed in Delaware on behalf of Apotex Inc.

18.    Apotex Corp. is subject to personal jurisdiction in Delaware because, among other things, upon information and belief, Apotex Corp. is a resident and citizen of the State of Delaware and has submitted itself to the jurisdiction of courts in Delaware by virtue of its incorporation under Delaware law, and Apotex Corp. is in the business of marketing drug products, which it distributes and sells throughout the United States, including in Delaware.

19.    In addition, this Court has personal jurisdiction over Apotex Inc. and Apotex Corp. because Apotex Inc. and Apotex Corp. have consented to jurisdiction in this judicial district in previous litigation and because Apotex Inc. and Apotex Corp. have affirmatively availed themselves of the courts of this district by filing claims in this district.

## <u>COUNT I-INFRINGEMENT OF THE '830 PATENT</u>

20.    Alcon incorporates each of the preceding paragraphs 1-19 as if fully set forth herein.

21.     United States Patent No. 6,716,830 ("the '830 patent"), titled "Ophthalmic Antibiotic Compositions Containing Moxifloxacin" (Exhibit A hereto), was duly and legally issued on April 6, 2004 to Alcon Inc., as assignee of Gerald Cagle, Robert L. Abshire, David W. Stroman, and John M. Yanni.

22.     Alcon Inc.'s interest in the '830 patent was subsequently assigned to Alcon Pharmaceuticals Ltd.  Alcon Pharmaceuticals Ltd. owns the '830 patent and will be substantially and irreparably damaged by infringement of the '830 patent.

23.     Alcon Research, Ltd. has been granted an exclusive license under the '830 patent.  Alcon Research, Ltd. will be substantially and irreparably damaged by infringement of the '830 patent.

24.     The '830 patent claims, *inter alia*, topical ophthalmic pharmaceutical compositions comprising moxifloxacin or a pharmaceutically useful hydrate or salt thereof in a concentration of 0.1 to 1.0 wt. % of moxifloxacin and a pharmaceutically acceptable vehicle therefor.

25.     The FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations*, commonly referred to as the "Orange Book," lists patents associated with approved drugs.  The '830 patent is listed in the "Orange Book" in association with VIGAMOX® ophthalmic solution.

26.     In the Notice Letter described in Paragraph 13 above, Apotex notified Alcon that Apotex had submitted ANDA No. 90080 to the FDA.  The purpose of the ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, and sale of the Apotex Product prior to the expiration of, *inter alia*, the '830 patent.

27.     In the Notice Letter, Apotex also notified Alcon that, as part of ANDA No. 90080, Apotex had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

28.     Apotex's submission of ANDA No. 90080 for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of the Apotex Product before the expiration of the '830 patent is an act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A).

29.     Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex Product immediately and imminently upon FDA approval of ANDA No. 90080.

30.     The Apotex Product is covered by one or more claims of the '830 patent.

31.     The manufacture, use, sale, offer for sale, or importation of the Apotex Product would infringe one or more claims of the '830 patent.

32.     Upon information and belief, the use of the Apotex Product in accordance with and as directed by Apotex's proposed product labeling would infringe one or more claims of the '830 patent.

33.     Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '830 patent when ANDA No. 90080 is approved by the FDA, and plans and intends to, and will, do so immediately and imminently upon such approval.

34.     Upon information and belief, Apotex has knowledge of the claims of the '830 patent.  Notwithstanding this knowledge, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import the Apotex Product with its product

labeling following upon FDA approval of ANDA No. 90080 prior to the expiration of the '830 patent.

35.     The foregoing actions by Apotex constitute and/or will constitute infringement and active inducement of infringement of the '830 patent.

36.     Upon information and belief, Apotex has acted with full knowledge of the '830 patent and without a reasonable basis for believing that it would not be liable for infringement of the '830 patent and/or active inducement of infringement of the '830 patent.

37.     Unless Apotex is enjoined from infringing and inducing infringement of the '830 patent, Alcon will suffer irreparable injury.  Alcon has no adequate remedy at law.

## COUNT II-INFRINGEMENT OF THE '070 PATENT

38.     Alcon incorporates each of the preceding paragraphs 1-37 as if fully set forth herein.

39.     United States Patent No. 7,671,070 ("the '070 patent"), titled "Method of Treating Ophthalmic Infections with Moxifloxacin Compositions" (Exhibit B hereto), was duly and legally issued on March 2, 2010 to Alcon, Inc., as assignee of Gerald Cagle, Robert L. Abshire, David W. Stroman, and John M. Yanni.

40.     Alcon, Inc.'s interest in the '070 patent was subsequently assigned to Alcon Pharmaceuticals Ltd.  Alcon Pharmaceuticals Ltd. owns the '070 patent and will be substantially and irreparably damaged by infringement of the '070 patent.

41.     Alcon Research, Ltd. has been granted an exclusive license under the '070 patent.  Alcon Research, Ltd. will be substantially and irreparably damaged by infringement of the '070 patent.

42.     The '070 patent claims, *inter alia*, a method of treating ophthalmic infections, which comprises topically applying to the eye a therapeutically effective amount of a pharmaceutical composition comprising moxifloxacin or a pharmaceutically useful hydrate or salt thereof in a concentration of 0.1 to 1.0 wt. % of moxifloxacin and a pharmaceutically acceptable vehicle therefor.

43.     The '070 patent is listed in the "Orange Book" in association with VIGAMOX® ophthalmic solution.

44.     In the Notice Letter described in Paragraph 13 above, Apotex notified Alcon that Apotex had submitted ANDA No. 90080, to the FDA.  The purpose of ANDA No. 90080 was to obtain approval under the FDCA to engage in the commercial manufacture, use, and sale of the Apotex Product prior to the expiration of, *inter alia*, the '070 patent.

45.     In the Notice Letter, Apotex also notified Alcon that, as part of ANDA No. 90080, Apotex had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

46.     Apotex's filing of ANDA No. 90080 for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of the Apotex Product before the expiration of the '070 patent is an act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A).

47.     Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex Product immediately and imminently upon FDA approval of ANDA No. 90080.

48.     The approved use of VIGAMOX® is covered by one or more claims of the '070 patent.

49.     Upon information and belief, the use of the Apotex Product in accordance with and as directed by Apotex's proposed product labeling would infringe one or more claims of the '070 patent.

50.     Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '070 patent when its ANDA is approved by the FDA, and plans and intends to, and will, do so immediately and imminently upon such approval.

51.     Upon information and belief, Apotex has knowledge of the claims of the '070 patent. Notwithstanding this knowledge, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import the Apotex Product with its product labeling following FDA approval of ANDA No. 90080 prior to the expiration of the '070 patent.

52.     Upon information and belief, Apotex knows that the Apotex Product and its product labeling are especially made or adapted for use in infringing the '070 patent, the Apotex Product is not a staple article or commodity of commerce, and that the Apotex Product and its product labeling are not suitable for substantial noninfringing use. Upon information and belief, Apotex plans and intends to, and will, contribute to infringement of the '070 patent immediately and imminently upon FDA approval of ANDA No. 90080.

53.     The foregoing actions by Apotex constitute and/or will constitute infringement of the '070 patent, active inducement of infringement of the '070 patent, and contribution to the infringement by others of the '070 patent.

54.     Upon information and belief, Apotex has acted with full knowledge of the '070 patent and without a reasonable basis for believing that it would not be liable for infringement of the '070 patent, active inducement of infringement of the '070 patent, and/or contributing to the infringement by others of the '070 patent.

55.     Unless Apotex is enjoined from infringing, inducing infringement and contributing to the infringement of, the '070 patent, Alcon will suffer irreparable injury.  Alcon has no adequate remedy at law.

### COUNT III-DECLARATORY JUDGMENT
### OF INFRINGEMENT OF THE '830 PATENT

56.     Alcon incorporates each of the preceding paragraphs 1-55 as if fully set forth herein.

57.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Alcon on the one hand and Apotex on the other regarding Apotex's infringement of the '830 patent and active inducement of infringement of the '830 patent.

58.     The '830 patent claims, *inter alia*, topical ophthalmic pharmaceutical compositions comprising moxifloxacin or a pharmaceutically useful hydrate or salt thereof in a concentration of 0.1 to 1.0 wt. % of moxifloxacin and a pharmaceutically acceptable vehicle therefor.

59.     In the Notice Letter described in Paragraph 13 above, Apotex notified Alcon that Apotex had submitted ANDA No. 90080 to the FDA.  The purpose of ANDA No. 90080  was to obtain approval under the FDCA to engage in the commercial manufacture, use, and sale of the Apotex Product prior to the expiration of, *inter alia*, the '830 patent.

60.     In the Notice Letter, Apotex also notified Alcon that, as part of ANDA No. 90080, Apotex had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

61.     Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex Product immediately and imminently upon FDA approval of ANDA No. 90080.

62.     The Apotex Product is covered by one or more claims of the '830 patent.

63.     The manufacture, use, sale, offer for sale, or importation of the Apotex Product would infringe one or more claims of the '830 patent.

64.     Upon information and belief, the use of the Apotex Product in accordance with and as directed by Apotex's proposed product labeling would infringe one or more claims of the '830 patent.

65.     Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '830 patent when ANDA No. 90080 is approved by the FDA, and plans and intends to, and will, do so immediately and imminently upon such approval.

66.     Upon information and belief, Apotex has knowledge of the claims of the '830 patent.  Notwithstanding this knowledge, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import the Apotex Product with its product labeling following upon FDA approval of ANDA No. 90080 prior to the expiration of the '830 patent.

67.     The foregoing actions by Apotex constitute and/or will constitute infringement and active inducement of infringement of the '830 patent.

68.     Upon information and belief, Apotex has acted with full knowledge of the '830 patent and without a reasonable basis for believing that it would not be liable for infringement of the '830 patent and/or active inducement of infringement of the '830 patent.

13

69.     Unless Apotex is enjoined from infringing and inducing infringement of the '830 patent, Alcon will suffer irreparable injury.  Alcon has no adequate remedy at law.

70.     The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of the Apotex Product, or any other drug product that is covered by United States Patent No. 6,716,830, will infringe and/or induce the infringement of that patent.

## COUNT IV-DECLARATORY JUDGMENT
## OF INFRINGEMENT OF THE '070 PATENT

71.     Alcon incorporates each of the preceding paragraphs 1-70 as if fully set forth herein.

72.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Alcon on the one hand and Apotex on the other regarding Apotex's active inducement of infringement of the '070 patent, and/or contributing to the infringement by others of the '070 patent.

73.     The '070 patent claims, *inter alia*, a method of treating ophthalmic infections, which comprises topically applying to the eye a therapeutically effective amount of a pharmaceutical composition comprising moxifloxacin or a pharmaceutically useful hydrate or salt thereof in a concentration of 0.1 to 1.0 wt. % of moxifloxacin and a pharmaceutically acceptable vehicle therefor.

74.     In the Notice Letter described in Paragraph 13 above, Apotex notified Alcon that Apotex had submitted ANDA No. 90080, to the FDA.  The purpose of ANDA No. 90080 was to obtain approval under the FDCA to engage in the commercial manufacture, use, and sale of the Apotex Product prior to the expiration of, *inter alia*, the '070 patent.

75.    In the Notice Letter, Apotex also notified Alcon that, as part of ANDA No. 90080, Apotex had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

76.    Upon information and belief, Apotex will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex Product immediately and imminently upon FDA approval of ANDA No. 90080.

77.    The approved use of VIGAMOX® is covered by one or more claims of the '070 patent.

78.    Upon information and belief, the use of the Apotex Product in accordance with and as directed by Apotex's proposed product labeling would infringe one or more claims of the '070 patent.

79.    Upon information and belief, Apotex plans and intends to, and will, actively induce infringement of the '070 patent when ANDA No. 90080 is approved by the FDA, and plans and intends to, and will, do so immediately and imminently upon such approval.

80.    Upon information and belief, Apotex has knowledge of the claims of the '070 patent.  Notwithstanding this knowledge, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import the Apotex Product with its product labeling following FDA approval of ANDA No. 90080 prior to the expiration of the '070 patent.

81.    Upon information and belief, Apotex knows that the Apotex Product and its product labeling are especially made or adapted for use in infringing the '070 patent, the Apotex Product is not a staple article or commodity of commerce, and that the Apotex Product and its product labeling are not suitable for substantial noninfringing use.  Upon information and

belief, Apotex plans and intends to, and will, contribute to infringement of the '070 patent immediately and imminently upon approval of ANDA No. 90080.

82. The foregoing actions by Apotex constitute and/or will constitute infringement of the '070 patent, active inducement of infringement of the '070 patent, and contribution to the infringement by others of the '070 patent.

83. Upon information and belief, Apotex has acted with full knowledge of the '070 patent and without a reasonable basis for believing that it would not be liable for infringement of the '070 patent, active inducement of infringement of the '070 patent, and/or contributing to the infringement by others of the '070 patent.

84. Unless Apotex is enjoined from infringing, inducing infringement and contributing to the infringement of, the '070 patent, Alcon will suffer irreparable injury. Alcon has no adequate remedy at law.

85. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of the Apotex Product, or any product whose use is covered by United States Patent No. 7,671,070, will infringe, induce the infringement of, and/or contribute to the infringement by others of that patent.

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that United States Patent Nos. 6,716,830 and 7,671,070 have been infringed under 35 U.S.C. § 271(e)(2) by Apotex's submission to the FDA of its ANDA No. 90080;

(b) A judgment providing that the effective date of any FDA approval of commercial manufacture, use, or sale of the Apotex Product, or any other drug product that infringes or the use of which infringes United States Patent No. 6,716,830 or United States

Patent No. 7,671,070, be not earlier than the latest of the expiration dates of those patents, inclusive of any extension(s) and additional period(s) of exclusivity;

        (c)    A preliminary and permanent injunction against any infringement, or inducement of infringement, by Apotex of United States Patent No. 6,716,830, through the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Apotex Product or any other drug product that is covered by that patent;

        (d)    A preliminary and permanent injunction against any inducement of infringement, or contribution to infringement, by Apotex of United States Patent No. 7,671,070, through the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Apotex Product or any other drug product whose use is covered by that patent;

        (e)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of the Apotex Product, or any other drug product that is covered by United States Patent No. 6,716,830, will infringe and/or induce the infringement of that patent;

        (f)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of the Apotex Product, or any product whose use is covered by United States Patent No. 7,671,070, will infringe, induce the infringement of, and/or contribute to the infringement by others of that patent;

        (g)    A declaration that this in an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

        (h)    Costs and expenses in this action; and

        (i)    Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Bruce R. Genderson
Adam L. Perlman
David I. Berl
Scott K. Dasovich
Daniel P. Pierce
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

July 20, 2012